THE STATE OF NEBRASKA, EX REL. HENRY UPTON,
WOODS CONES, WILSON HALL, RICHARD R. SMITH,
WILLIAM H. McDONALD, AND C. C. WILSON, V. ED-
WARD P. WEATHERBY, HERMAN R. MEWIS, AND
H. S. BECK, RESPONDENTS.

1. School Officers: COMMENCEMENT OF TERMS. Under the
provisions of section one of subdivision six of the school law, as
amended in 1885, when a school district elects six trustees to
act as the officers of the district in lieu of the board of three, the
official terms of the old board expire on the second Monday of
July following. Until that time the trustees elect are not the
proper officers of the district.

2. ———: ACCEPTING OFFICE. In such case, where the new board
meet within ten days after the election and elect one of their
own number as director, and each file written acceptances of
office with him, under the belief that he is the proper custodian
thereof, the mistake made in the selection of the custodian of
the acceptances will not destroy the right of the trustees to the
office after the expiration of the official terms of their prede-
cessors. But such custodian should at once deposit the accept-
·ances with the director then in office, in order that they might
be preserved with the records of the district.

ORIGINAL action in *quo warranto.*

*Brome & Durland,* for relators.

*E. P. Holmes,* for respondents.

REESE, J.

The electors of school district number two of Pierce
county elected six trustees at the annual meeting in April,
1885, as district officers, instead of retaining a board of
three as formerly. This action was had under the pro-
visions of section one of subdivision six of the school law,
as amended by the act of 1885. Laws 1885, Ch. 79.
Comp. Stat., Ch. 79. On the 11th day of April, and

within ten days after the election, the six trustees met within the district, and from their own number elected a director, moderator, and a treasurer. Thereupon each of the trustees filed with the director thus elected their written acceptance of the office of trustee to which he had been elected by the annual meeting. The old district board refused to surrender to them their respective offices, claiming that under the provisions of the amendment of 1885 their official terms did not expire until the second Monday in July. It being of importance to the district that the proper officers should act, the question of their right to hold over is submitted to this court for determination by a proceeding in the nature of *quo warranto*.

On the part of the relators it is insisted that the corporation district has undergone a complete change by the action of the annual meeting, and that the old corporation has virtually terminated and a new one has been created, and that, of necessity, all official terms have expired. The official terms of the officers doubtless have or will expire with the end of the school year, but we do not agree with counsel that the corporation has of itself terminated, or undergone any very material change. True, the powers of the board of trustees may be somewhat greater than the powers of the three directors would have been, but the district, with all its rights and powers, will remain the same as before; the only difference being a change in the manner of transacting its business and in the method of government. The question then is, who are now the proper officials of the district, with power to bind it by contract and transact its business?

By the law of 1885, which took effect upon its approval, section one of subdivision two was amended so as to read as follows: " The annual school meeting of each school district shall be held at the school-house, if there be one, or at some other suitable place within the district, on the first Monday of April of each year. The officers elected as hereinafter provided shall take possession of the office to

which they have been elected upon the second Monday of July, and the school year shall commence with that day ; *Provided,* That all school officers whose term of office would otherwise expire upon the first Monday of April, shall have their term of office extended until the second Monday of July following." Laws 1885, Ch. 79. Comp. Stat., Ch. 79. By this section, the "school year" is changed so as to commence and terminate on the second Monday in July, instead of April, and the date of the termination of the terms of the officers of the district is changed so as to correspond with the termination of the school year.

By the amendment of section one of subdivision six, that section reads as follows : "Any district containing more than one hundred and fifty children between the ages of five and twenty-one years may elect a district board, consisting of six trustees; *Provided,* The district shall so determine at an annual meeting by a vote of the majority of the voters attending such meeting. When such change in the district board shall have been voted, the voters at such annual meeting shall proceed immediately to elect two trustees for the term of one year, two for the term of two years, and two for the term of three years, and annually thereafter two trustees shall be elected, whose term of office shall be three years and until their successors shall have been elected and filed their acceptance ; *Provided further,* That all officers whose term of office would otherwise expire upon the first Monday in April shall continue to exercise the duties of their office until the second Monday in July." Comp. Stat., Ch. 79.

The second proviso of this section appears to meet and settle the case at bar. There is no legal reason why the necessary duties of the district officers cannot be as well performed by the board of three as by a board of six during the time intervening between the annual meeting in April and the commencement of the next school year in July. Hence the express provisions of the statute requir-

ing them to do so cannot be treated as inoperative. The election of trustees being valid, the terms of office of all the members of the old board would expire at that time were it not for the change in the date of the commencement of the school year and of the official terms of the officers. The language of the section making this particular change is, "That *all* officers whose terms of office would otherwise expire upon the first Monday in April shall continue to exercise the duties of their office until the second Monday in July."

Upon the part of the respondents it is insisted that, as the trustees have not filed their acceptance in writing with the director of the old board, instead of the director elected by the new one, as required by section three of subdivision three of the school law, they have forfeited all right to the offices of trustees, and cannot now claim the office, even after the second Monday in July.

This position, we think, is not tenable. There seems to have been an honest effort on the part of the trustees elect to qualify in accordance with the letter as well as with the spirit of the law. No official oath is required. They have executed their written acceptances of the offices. By a mistake of law, they have filed these acceptances with the wrong person. Whether the assumption of the duties of the office—thereby accepting the trust—would be sufficient as an acceptance, it is not necessary now to decide. But it seems clear that the action of the annual meeting should not be entirely nullified by the fact of these acceptances being honestly placed in the hands of the wrong custodian.

It is the duty of Henry Upton, the present custodian of these acceptances, to file them with Edward P. Weatherby, the present director, and by whom they should be preserved with the records of the district. On the second Monday of July the official terms of the present board will expire, and the duties of the office of trustees will then devolve upon the trustees elect.

The judgment of ouster is denied, and the relation dis-- missed.

JUDGMENT ACCORDINGLY.

THE other judges concur.